IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Nos. 20-57 and 21-255 |
| | ) | |
| DONTE CALHOUN | ) | |

## MEMORANDUM OPINION and ORDER

On August 2, 2022, Defendant Donte Calhoun filed a counseled Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 58 at Cr. No. 200-57; ECF No. 32 at Cr. No. 21-255.  On August 3, 3022, Mr. Calhoun's counsel then filed an Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 59 at Cr. No. 20-57; ECF No. 33 at Cr. No. 21-255.  Defendant seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to Mr. Calhoun's medical condition – sleep apnea – in combination with the heightened risk of severe illness that may occur should he contract the COVID-19 virus.  Mr. Calhoun also presents, as factors in favor of reducing his sentence, that he has gained valuable job and life skills while in prison, he has four children in need of financial support, and he has employment waiting for him should he be released, all of which would permit him to immediately financially contribute to support his children.  The government filed a Response to the Motion, arguing that the Court lacks jurisdiction over Mr. Calhoun's Motion because Mr. Calhoun did not request that the warden provide him with compassionate release pursuant to 18 U.S.C. § 3582, the First Step Act; he instead requested home confinement pursuant to 18 U.S.C. § 3624(c), the CARES Act.  The government therefore argues that Mr. Calhoun has not exhausted his administrative remedies

with respect to his request for a reduced sentence under the First Step Act. Alternatively, the government argues that Mr. Calhoun's circumstances do not qualify as extraordinary and compelling. In Mr. Calhoun's Reply, he argues that the Court should find that administrative remedies have been exhausted and conclude that extraordinary and compelling reasons exist justifying a sentence reduction. ECF No. 63 at Cr. No. 20-57; ECF No. 37 at Cr. 21-255. For the reasons set forth below, the Motion for Compassionate Release will be denied.

I.      **Background**

On September 15, 2021, Defendant entered a plea of guilty to Count 1 of the Indictment filed at Criminal No. 20-57, charging him with Possession with Intent to Distribute and Distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), and Count 1 of the Indictment filed at Criminal No. 21-255, charging him with Possession with Intent to Distribute and Distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). Mr. Calhoun's Plea included an agreed-to disposition pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). On January 19, 2022, the Court accepted the parties Rule 11(c)(1)(C) agreement and sentenced Mr. Calhoun to the agreed disposition of 18-month concurrent sentences at each Count to be followed by a term of supervised release of 6 years. Presently, Defendant is incarcerated at the Federal Correctional Institution at Ashland, Kentucky. According to the Bureau of Prisons, his expected release is May 18, 2023.

Mr. Calhoun is 32 years of age. He reports that he has sleep apnea, a condition also reported on his Presentence Report. He asserts that his sleep apnea causes him respiratory issues, and such respiratory issues expose him to a substantially higher risk of serious illness or death if he contracts COVID-19. As such, he requests that his sentence be reduced to "time

served" with supervised release as modified by the court and probation office, and to possibly include electronic monitoring[1]. He states that if released he would reside with Stephanie Gibbs.

If the Court decides to exercise jurisdiction over Mr. Calhoun's Motion, the government argues that his circumstances do not warrant a sentence reduction in this case because Mr. Calhoun's sleep apnea appears to be under control and his condition does not hamper his ability to take care of himself in prison. The government notes that Mr. Calhoun was offered, but refused, a COVID-19 vaccination that could mitigate against the risk of severe symptoms. The government also argues that the factors under 18 U.S.C. § 3553(a) do not support release.

## II. Analysis

### A. Applicable Law

The First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), provides, in relevant part:

> **(c) Modification of an Imposed Term of Imprisonment.** —The court may not modify a term of imprisonment once it has been imposed except that—
>
> > **(1)** in any case—
> >
> > **(A)** the court, . . . upon motion of the defendant . . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act directs analysis, for extraordinary and compelling reasons, to the Sentencing

---

[1] Assuming a reduction in sentence is warranted a court may "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

Commission's applicable policy statement, which provides in relevant part that, after considering the section 3553(a) factors, the court may reduce a term of imprisonment if it determines that--

    (1)    (A) Extraordinary and compelling reasons warrant the reduction; . . . .

    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

    (3) The reduction is consistent with this policy statement.

U.S.S.G. §1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)).

The Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. Calhoun argues that his medical conditions qualify, because they present "a serious physical or medical condition" that, in light of the COVID-19 pandemic, "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.[2] U.S.S.G. § 1B1.13, comment (n.1(A)). The Commentary, at subsection (D), provides a catch-all provision, permitting release where there exists an extraordinary and compelling reason other than, or in combination with, the reasons set forth within the other Commentary sections. U.S.S.G. § 1B1.13, comment (n.1(D)).

---

[2] Identified medical circumstances are: that the defendant is suffering from a terminal illness; that the defendant is suffering from a serious physical or medical condition; that the defendant has a serious functional or cognitive impairment; or that the defendant's deteriorating physical or mental health, due to aging, substantially diminishes his ability for self-care. U.S.S.G. § 1B1.13, comment (n.1(A)). Said Commentary, at Subsection (B), provides that extraordinary and compelling reasons exist where the defendant is at least 65 years of age, has served at least 10 years or 75 percent of his term of imprisonment, and the defendant is experiencing a serious deterioration in physical or mental health due to aging,. U.S.S.G. § 1B1.13, comment (n.1(B)). Subsection (C) concerns family circumstances not applicable in this case. U.S.S.G. § 1B1.13, comment (n.1(C)).

B.  Discussion

1.  **Exhaustion and Jurisdiction**

Pursuant to section 3582(c)(1)(A) a defendant may bring a compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring the motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Mr. Calhoun asserts that he has fully exhausted his administrative remedies by applying for compassionate release to the Warden at FCI-Ashland. He states that the Warden denied his request based on Mr. Calhoun's prior criminal history. Ex. A to Mr. Calhoun's Amended Motion. Mr. Calhoun states that the Warden failed to properly consider his application for compassionate release, and he now seeks consideration of his compassionate release request from this Court. The Warden states in his denial that Mr. Calhoun "was deemed inappropriate for home confinement placement under the CARES Act, . . . ." Ex. A. Such language presumptively shows that Mr. Calhoun requested to be released to home confinement under the CARES Act.

The Warden's denial of Mr. Calhoun's request for home confinement under the CARES Act is not reviewable by the District Court. Pagan v. Moser, No. CV 20-254J, 2021 WL 1816940, at *4 (W.D. Pa. May 6, 2021) ("Although the First Step Act permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence, the CARES Act did not grant the district court the power to order an inmate to home confinement.") To the extent Mr. Calhoun's request to the Warden was brought under the

5

CARES Act, it must be dismissed because this Court lacks the authority to grant home confinement under the CARES Act.

The government further argues that the record establishes that Mr. Calhoun did not make a request to the Warden for compassionate release under the First Step Act and therefore he has failed to exhaust his administrative remedies. Govt. Resp. at 3-4 (citing United States v. Valazquez, 2020 WL 3452070, at *2 (D. Az. June 24, 2020)).

Mr. Calhoun concedes that the specific request he made to the Warden was a request for home confinement and not a request for compassionate release, but he argues that the Court should consider his request for home confinement as a request for a sentence reduction. Def. Reply at 2-3. Def. Reply at 2-3. He argues that when he made his pro se request to the Warden he "reasonably believed that his application for transfer to home confinement was properly made under § 3582(c)(1)(A)(i)." Id. at 3. Therefore, he concludes that the Court should view his request for home confinement as including the reasonable belief that such request included a request for a sentence reduction. Id. at 2 (citing United States v. Hight, 488 F.Supp.3d 184, 187 (E.D. Pa. 2020)).

The Court agrees with Mr. Calhoun. Although Mr. Calhoun did not file a request with the Warden for compassionate release pursuant to the First Step Act, the Court concludes that it was reasonable for Mr. Calhoun to conclude that his request for home confinement included a request for a sentence reduction. Under similar circumstances, the District Court in Hight laid out compelling reasons for treating a defendant's request to a Warden or the BOP for home confinement as satisfying the exhaustion requirement. For example, the Hight Court noted the following reasons in favor of a District Court exercising jurisdiction over such a Motion:

- the "amended First Step Act was intended to increase access to the remedy of compassionate release";
- "the Third Circuit has already acknowledged the interconnectedness of

6

> requests for transfer to home confinement following the CARES Act and requests for compassionate release";
>
> - "considerations for release to home confinement are substantially similar to the factors the BOP considers for all compassionate release requests";
>
> - "the BOP's interest in having the first opportunity to review a request for compassionate release is sufficiently safeguarded if it reviewed and denied the inmate's request for transfer to home confinement under the CARES Act"; and
>
> - "Not even the BOP believes that an inmate whose request for transfer to home confinement is denied could then be granted compassionate release by the BOP."

Hight, 488 F.Supp.3d at 187-91. The factors the Warden took into account when considering Mr. Calhoun's request were "substantially similar" to the factors to be considered for compassionate release requests. Hight, 488 F.Supp.3d at 189. It is highly unlikely that were Mr. Calhoun to apply for compassionate release that the Warden who denied his request for home confinement would then grant the compassionate release request. Id. at 190. The Court concludes that the Warden's consideration of Mr. Calhoun's request for home confinement, and subsequent denial, sufficiently exhausted Mr. Calhoun's administrative remedies. Therefore, the Court will consider Mr. Calhoun's present Motion on the merits.

    2.    **Applicable Law**

The First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), provides, in relevant part:

**(c) Modification of an Imposed Term of Imprisonment.** —The court may not modify a term of imprisonment once it has been imposed except that—

    **(1)** in any case—

    **(A)** the court, . . . upon motion of the defendant . . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>> **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act directs analysis, for extraordinary and compelling reasons, to the Sentencing Commission's applicable policy statement, which provides in relevant part that, after considering the section 3553(a) factors, the court may reduce a term of imprisonment if it determines that--

> (1)  (A) Extraordinary and compelling reasons warrant the reduction; . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. §1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)).

### 3.  Section 3553(a) Factors

Pursuant to the Sentencing Commission's Policy Statement, before reducing a defendant's sentence the court must first consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. U.S.S.G. § 1B1.13, p.s. Upon review of these factors, this Court concludes that a sentence reduction is not appropriate. Mr. Calhoun plead guilty to two serious drug transactions occurring on two separate dates. In his plea agreement, he acknowledged his responsibility for two additional serious drug transactions. Plea Agr. Aug. 19, 2021, at ¶ A.2. Mr. Calhoun agreed that the conduct underlying such charges could be used by the Probation Office in calculating the guideline range and by the Court in imposing sentence. Id. The Court sentenced Mr. Calhoun to a total sentence of 18 months, which is the low end of the Guideline Range he faced; but more importantly, it is the length of imprisonment that he and the government agreed was appropriate. Id. at ¶ C.6. At his sentencing hearing, the Court was aware that Mr. Calhoun suffered from sleep apnea since the tenth grade, and that he had not

received treatment for the condition in the past ten years. PSIR, ¶ 60. At the time of sentencing, as well as currently, the COVID-19 virus presents serious concerns, which are being considered in deciding this Motion. Present consideration of Section 3553(a) factors continues to support the original sentence in this case.

### 4. Extraordinary and Compelling Reasons

In addition to considering section 3553(a) sentencing factors, Mr. Calhoun must also demonstrate "extraordinary and compelling reasons" for compassionate release. As discussed above, the Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. Calhoun argues that his sleep apnea satisfies the "extraordinary and compelling reasons" standard, because his related respiratory problems place him at higher risk for complications should he contract the virus. Mr. Calhoun states that the risk of severe illness and/or death from COVID-19 is enhanced for persons with obstructive sleep apnea. Def. Reply at 3. He cites to a scientific article that concludes that persons with obstructive sleep apnea have an 8-fold increase in risk of becoming infected with COVID-19, an increased risk for hospitalization, and nearly double the risk of developing respiratory failure.[3]

The Court was unable to find a listing for sleep apnea on the Centers for Disease Control and Prevention (CDC) website that documents medical conditions where the evidence shows that persons with such conditions are more likely to get very sick from COVID-19.[4] The CDC identifies several chronic lung diseases that could make one "more likely to get very sick from Covid-19," but sleep apnea is not listed. Id. Considering the scientific evidence of sleep apnea

---

[3] Maas MB, Kim M, Malkani RG, Abbott SM, Zee PC. "*Obstructive Sleep Apnea and Risk of COVID-19 Infection, Hospitalization and Respiratory Failure.*" Sleep Breath. 2021 Jun;25(2):1155-1157. Epub 2020 Sep 29. https://pubmed.ncbi nlm nih.gov/32989673/
[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

as related to COVID-19 outcomes, the Court recognizes the article provided by Mr. Calhoun, but balances that single article's research with the absence of sleep apnea appearing on the CDC's evidence-based COVID-19 website.

Mr. Calhoun was offered, but refused, a COVID-19 vaccination, as is his right.  He argues that the vaccine is not a "guarantee" that the "devasting effects of the virus" would be prevented if he did become infected with COVID-19.  Def. Reply at 3-4.  The Court is unaware of any "guarantee" associated with the virus; however, it has been established that "COVID-19 vaccination provides strong protection against severe disease, hospitalization, and death in all age groups."  https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness  Mr. Calhoun cannot "simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually climate that risk," United States v. Jackson, 2021 WL 8066366, at *1-2 (D. Minn. Mar. 3, 2021).

Mr. Calhoun's sleep apnea appears to be under control.  There is no evidence that his ability to take care of himself in prison is diminished as a result of his sleep apnea. While he has exercised his right to decline a COVID-19 vaccination, the evidence strongly suggests that such would mitigate the severity of symptoms should he become infected.  Viewing his medical condition in combination with his age, 32, and all other factors the Court cannot say that such circumstances demonstrate "extraordinary and compelling reasons."

The catchall, "other reasons" from the Sentencing Guidelines Commentary, USSG 1B1.13, comment (n1.(D)), does not justify Mr. Calhoun's release.  He argues that he has improved his job and life skills and that he has employment waiting for him should he be released early.  He argues that this would make him able to financially support his children, who have suffered since he has been in prison.  It is certainly laudable that Mr. Calhoun continues to

improve himself in prison, but such does not justify early release. While it is unfortunate that his children suffer financially without the presence of Mr. Calhoun, such is a circumstance that is present in nearly every case where a defendant goes to prison. After considering all circumstances impacting Mr. Calhoun, even in combination, such do not constitute extraordinary or compelling reasons for compassionate release.

Accordingly, the Court denies Defendant's Motions.

AND NOW, this 27th day of September 2022, it is HEREBY ORDERED that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (filed as ECF No. 58 at Cr. No. 200-57 and ECF No. 32 at Cr. No. 21-255) and his Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (filed at ECF No. 59 at Cr. No. 20-57 and ECF No. 33 at Cr. No. 21-255) are DENIED.

BY THE COURT:

/s *Marilyn J. Horan*
Marilyn J. Horan
United States District Judge